UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JULIO CESAR VALDEZ,

                Plaintiff,                      MEMORANDUM
                                                    AND ORDER
      -against-                             07-CV-4566 (BMC)

LAFFEY ASSOCIATES, COLDWELL BANKER
LAFFEY ASSOCIATES, BARBARA ARMAS-
CORONADO, NERVIN CORONADO and
EMMETT LAFFEY,

                Defendants.
----------------------------------------------------------X



COGAN, United States District Judge:

Plaintiff Julio Cesar Valdez filed this *pro se* action pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, against his former employer, Laffey Associates. Plaintiff paid the statutory filing fee to commence this action. The Court directs plaintiff to file a Second Amended Complaint as set forth below.

## BACKGROUND

Plaintiff commenced this action on October 31, 2007 and thereafter filed an Amended Complaint on November 2, 2007. Plaintiff alleges that he signed a contract in 2005-2006 to be an independent contractor for defendant Laffey Associates as a licensed real estate salesperson. Plaintiff alleges that "on or about February 7, 2007, Defendants knowingly ... breached The Contract with Plaintiff, by illegally taking control of Plaintiff's soliciting and selling activities, in an attempt to force Plaintiff to participate in a new scam by Defendants against Plaintiff's clients." Amended Compl. at ¶ 10. Plaintiff further alleges that "Defendants knowingly ... infringed Plaintiff's copyrighted photographs for Defendants' personal gain, prominently displaying their logo and name [of] their company ... without Plaintiff's consent or authorization." Id. at ¶11. Thereafter, defendants allegedly terminated plaintiff's contract when he "complained about Defendants' inappropriate and unlawful use of his copyrighted materials." Id. at ¶ 16.

## DISCUSSION

I. **Subject Matter Jurisdiction**

The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Plaintiff invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a). Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (quoting Bell v. Hood, 327 U.S. 678, 681-685 (1946)). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Moreover, federal courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). "Where jurisdiction is lacking, ... dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12(h)(3); see also Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). However, a claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." Bell, 327 U.S. at 682-683; see Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 89 (1998)

Here, plaintiff does not invoke diversity jurisdiction. Instead, plaintiff invokes the court's federal question jurisdiction by alleging that jurisdiction is based on the Copyright Act. He seeks damages and injunctive relief. For the reasons set forth below, the Court directs plaintiff to file a Second Amended Complaint in support of his copyright infringement claim.

A.  Federal Question - Copyright Infringement

Copyright law does not protect an idea, but only "the expression of an idea." Williams v. Crichton, 84 F.3d 581, 587 (2d Cir.1996). In order to succeed on a copyright infringement claim, a plaintiff must prove "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" Id. (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)); Boisson v. Banian, Ltd., 273 F.3d 262, 267 (2d Cir. 2001); Gal v. Viacom Intern., Inc., No. 05 Civ. 0263 (CSH), 2007 WL 2712921, at *8 (S.D.N.Y. Sept. 18, 2007). The issuance of a certificate of registration for a copyright is *prima facie* evidence of the validity of the copyright. Boisson, 273 F.3d at 267. However, not all copying of copyrighted material is an infringement of copyright, as there are some elements of a copyrighted work that are not protected, even against intentional copying. Attia v. Society of N.Y. Hosp., 201 F.3d 50, 54 (2d Cir.1999). For example, a central tenet of copyright law is that only a copyright owner's particular expression of his or her idea is protected, not the idea itself. 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."); Rogers v. Koons, 960 F.2d 301, 308 (2d Cir.1992) ("What is protected is the original or unique way that an author expresses those ideas, concepts, principles or processes."); Fournier v. Erickson, 202 F.Supp.2d 290, 249 (S.D.N.Y. 2002).

Here, plaintiff alleges that defendants used photographs of real estate properties taken by him in real estate advertisements. See Plaintiff's Exhibits A-B. It is unclear how these photographs and their alleged prohibited use is in violation of Copyright Act as set forth above. At a minimum, plaintiff does not allege that he holds a copyright for each photograph at issue; photographs of real estate properties belonging to other individuals seeking to sell their properties through a real estate broker. Nothing in plaintiff's pleadings suggest a copyright claim; rather, it appears to state a breach of contract claim.

B.  Leave to Replead

Because this Court would lack subject matter jurisdiction over a breach of contract claim pursuant to Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1331, the Court grants plaintiff leave to replead within 30 days from the entry of this Order. In the Second Amended Complaint, plaintiff should state whether he owns a valid copyright for each photograph at issue and what defendants' did to infringe on that copyright. A copy of plaintiff's certificate of registration with the United States Copyright Office for each photograph, if available, should be appended as an exhibit to the Second Amended Complaint.

## CONCLUSION

The Court directs plaintiff to file a Second Amended Complaint as set forth above. The Second Amended Complaint must be filed within 30 days from the entry of this Order. It must be captioned, "SECOND AMENDED COMPLAINT," and bear the same docket number as this Order, 07-CV-4566 (BMC). All proceedings shall be stayed for 30 days or until plaintiff has complied with this Order. Plaintiff must also serve a copy of the Second Amended Complaint on the defendants or their attorney(s). If plaintiff fails to file a Second Amended Complaint as set forth above, the Court may enter judgment dismissing the action for want of jurisdiction and as frivolous. Bell, 327 U.S. at 682-683; see Steel Co., 523 U.S. at 89. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Brian M. Cogan
United States District Judge

Dated: Brooklyn, New York
December 28, 2007